859 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry K. BARNEY, Plaintiff-Appellant,
v.
Cynthia D. KINSER, James Bledsoe, David Johnson,
Defendant-Appellees, and Marvin O. Radcliff, Defendant.
 No. 86-7523.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1988.
Decided Sept. 9, 1988.
 
 Robert M. Galumbeck (Dudley, Galumbeck & Simmons on brief) for appellant.
 Graham G. Ludwig, Jr. for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff Harry K. Barney brought this 42 U.S.C. Sec. 1983 action against the defendants, alleging violation of his constitutional rights as a result of the arrest, searches and seizures committed by the defendants. The defendants are Cynthia D. Kinser, the Lee County, Virginia, Commonwealth's attorney, and Marvin O. Radcliff, James Bledsoe and David Johnson, officers of the Lee County Sheriff's Department. At the close of plaintiff's evidence, the district court directed a verdict in favor of all the defendants except Marvin Radcliff. With respect to Radcliff, the district court dismissed him under Fed. Rule Civ.P. 4(j) as he was never served. We affirm.
 
 
 2
 On November 5, 1983, defendants Johnson and Bledsoe arrested the plaintiff at his restaurant in Pennington Gap, Virginia. This was done in response to a call from the plaintiff, Barney, who advised the police that there had been a shooting. Bledsoe and Johnson observed Barney through a plate glass window in the restaurant. The evidence is unclear whether the restaurant door was locked at that time; however, the key was in the outside of the door. The two officers also seized a pistol in plain view next to Barney. After Barney was taken to jail, Johnson and Bledsoe returned to the restaurant, having previously investigated a nearby trailer where the shooting occurred. They were met by Radcliff, who had been assigned to conduct the investigation, Cynthia Kinser, the Commonwealth's Attorney, and Sheriff Chadwell. Radcliff, using the key, entered the building. Details of the ensuing search are sketchy; however, it is uncontroverted that only Radcliff actually searched the premises on this occasion, which is the one in question here.
 
 
 3
 Our standard of review for the granting of a directed verdict is whether, in light of the evidence most favorable to the non-moving party and with every legitimate inference drawn in the non-moving party's favor, a reasonable trier of fact could draw only one conclusion. Smith Braedon Co. v. Hadid, 825 F.2d 787, 790 (4th Cir.1987). The district court concluded that there was no evidence to show that either the arrest of Barney or the seizing of the weapon were improper under the plain view doctrine. Further, the district court concluded that there was no evidence that either Bledsoe, Johnson or Kinser had in any way participated in the second search of Barney's restaurant. The uncontroverted evidence indicated that Officer Radcliff conducted the search. Even assuming, arguendo, that Officer Radcliff's actions were improper, since he was never served, they are not at issue here. The other defendants are not liable for Officer Radcliff's acts.
 
 
 4
 After a review of the record and oral argument, we find no error in the district court's judgment. The plaintiff did not present sufficient evidence to create a question for the jury.
 
 
 5
 The judgment of the district court is accordingly
 
 AFFIRMED.[1]
 
 
 [1]
 While we need not depend on it, we note that there is no evidence that the search was without consent. Barney, the plaintiff, did not testify